This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANA WASHBURN,**

Plaintiff-Appellant,

v.                                                                                    **NO. 34,627**

**JERALD GOODMAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Shannon C. Bacon, District Judge**

Ana Washburn
Albuquerque, NM

Pro Se Appellant

Jerald Goodman
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Appellant Ana Washburn appeals from two orders (an amended order and the original order) granting her application for a permanent restraining order against her neighbor, Jerald Goodman. She appeals these orders to the extent that they are "mutual" restraining orders and to the extent that the amended order requires her to stay 500 yards away from Goodman. [RP 42; DS 7] In our notice of proposed summary disposition, we proposed to affirm. Goodman filed a memorandum in opposition, which we have duly considered. For the reasons stated in the notice of proposed disposition and below, we affirm.

{2}     As an appellate court, we "presume[] that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred." *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701. As we stated in more detail in our calendar notice, Washburn has not demonstrated that the district court abused its discretion in entering a "mutual" restraining order and ordering Washburn to stay at least 500 yards away from Goodman (Issue 1). [CN 2-4] Similarly, Washburn has not demonstrated that the district court was biased against her (Issue 2). [CN 4-5] Accordingly, we proposed to affirm.

{3}     Goodman filed a memorandum in opposition; however, her arguments are not responsive to our proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036,

¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{4}     Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**

3